# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0747V
UNPUBLISHED

| | |
|---|---|
| DOUGLAS MILLER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 3, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Wei Kit Tai, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION AWARDING DAMAGES**[1]

On June 23, 2020, Douglas Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine administered to him on October 15, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 5, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 2, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a lump sum payment of

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$92,962.61 (comprised of $92,500.00 for pain and suffering, $462.61 for past unreimbursable expenses) and a lump sum payment of $5,707.51, which amount represents compensation for satisfaction of the State of New York Medicaid lien. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $92,962.61 (comprised of $92,500.00 for pain and suffering and $462.61 for past unreimbursable expenses) in the form of a check payable to Petitioner); and**

2. **A lump sum payment of $5,707.51, representing compensation for satisfaction of the State of New York Medicaid lien, payable jointly to Petitioner and to:**

**New York State Department of Health
P.O. Box 415874
Boston, MA 02241-5874
Case ID: 154655
Medicaid ID: GD34592M**

**Petitioner agrees to endorse the check to the New York State Department of Health for satisfaction of the Medicaid lien.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DOUGLAS MILLER, ) | |
| ) | No. 20-747V   ECF |
| Petitioner, ) | |
| v. ) | Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION

On April 4, 2022, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Accordingly, on April 5, 2022, the Chief Special Master issued a Ruling on Entitlement.

**I.   Compensation for Vaccine Injury-Related Items**

   A.  <u>Pain and Suffering</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$92,500.00** for pain and suffering, in the form of a check payable to petitioner.

   B.  <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$462.61**. *See* 42 U.S.C. § 300aa-15(a)(1)(B).

C. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of New York Medicaid lien in the amount of **$5,707.51**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New York may have against any individual as a result of any Medicaid payments the State of New York has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about October 15, 2018, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

A. A lump sum payment of **$92,962.61** in the form of a check payable to petitioner; and

B. A lump sum payment of **$5707.51**, representing compensation for satisfaction of the State of New York Medicaid lien, in the form of a check payable jointly to petitioner and:

> New York State Department of Health
> P.O. Box 415874
> Boston, MA 02241-5874
> Case ID: 154655
> Medicaid ID: GD34592M

Petitioner agrees to endorse the check to the New York State Department of Health for

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

satisfaction of the Medicaid lien.

      Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

      Respectfully submitted,

      BRIAN M. BOYNTON
      Principal Deputy Assistant Attorney General

      C. SALVATORE D'ALESSIO
      Acting Director
      Torts Branch, Civil Division

      HEATHER L. PEARLMAN
      Deputy Director
      Torts Branch, Civil Division

      TRACI R. PATTON
      Assistant Director
      Torts Branch, Civil Division

      <u>s/ Wei Kit (Ricky) Tai</u>
      WEI KIT (RICKY) TAI
      Trial Attorney
      Torts Branch, Civil Division
      U.S. Department of Justice
      P.O. Box 146
      Ben Franklin Station
      Washington, D.C. 20044-0146
      Direct dial: (202) 598-7705
      Email: Wei.Tai@usdoj.gov

Dated:  May 5, 2022